UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM SCALES,

                              Plaintiff,

            -against-

LA WEB EXPERTS,

                              Defendant.

23-CV-6441 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff William Scales, of New York, New York, who is appearing *pro se*, filed this action invoking both the court's federal question and diversity jurisdiction against LA Web Experts. Plaintiff alleges that the court's federal question jurisdiction to consider this action arises from Defendant "deliberately sabotag[ing his] company preventing the hiring of a new web developer company in order to complete hired services in order to officially launch." (ECF 1, at 2.) Plaintiff also specifies that he asserts claims of breach of contract and negligence. (*Id.* at 5.) The Court construes Plaintiff's complaint as asserting claims under state law under the court's diversity jurisdiction.

By order dated October 10, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, a court submission that refers to a minor child may only do so by using the initials of the minor child's name. *See* Fed. R. Civ. P. 5.2(a)(3). Plaintiff's IFP application, however, reveals the names of minor children. Accordingly, the Court has directed the Clerk to Court to restrict electronic access to Plaintiff's IFP application to a "case participant-only" basis.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff asserts that he raises claims of breach of contract and negligence. He alleges that, in July 2022, Defendant "prevented the official launch of corporation(s), which has resulted in damages in many forms. The defendant's actions has resulted in loss of revenue, depleted company investments, missed business opportunities, and has left the company's business layouts vulnerable." (ECF 1 at 5.) Plaintiff also alleges that Defendant's "actions effect multiple companies, preventing the flagship compan[ies] from launching. Additionally, the defendant refuses to provide a refund, preventing the hiring of a new web developer company in order to complete the company's website and mobile application." (*Id.*)

Plaintiff states that the "damages are estimated in the amounts of millions of dollars, possibly accumulating in the billions of dollars." (*Id.*) He also states that "[m]oney damages are pending, but the defendant[s] [are] being sued for the amount of millions of dollars." (*Id.* at 6.)

In an attachment to his complaint, Plaintiff further alleges the following:

[t]he defendant's [b]reach of contract and neglect is preventing [Plaintiff] from executing multiple executive business plans which detail acquiring startup funding, advertising, and sales revenue. [Plaintiff] was waiting on the completion of the company's mobile app and website to initiate seeking business loans in the amount of $250,000 and higher. All of [his] initial investments [were] used for hiring 4 web developers that [were] supposed to complete hired services that would have led to the official launch of 5 companies. None of the 4 web developers completed hired services of developing [Plaintiff's] company's web sites and mobile applications and refuse[] to provide [Plaintiff] a refund. In total [Plaintiff] spent $10,000 on company investments. [His] initial investment of $40,000, which was [his] personal savings account, was depleted waiting for the completion of the web developers. [Plaintiff] was also approved a business loan in the amount of $250,000 for 1 of the 5 companies but the loan was pulled last minute by the approving bank because the web developer refused to complete the company's website and mobile application. Additionally, [Plaintiff's] credit score is extremely fragile and lowers dramatically for the smallest increase of credit card utilization since [he is] already around 40% of credit utilization unfortunately. . . . [Plaintiff is] seeking an immediate order for the defendant['s] default and shouldn't have to use to[o] much of the court['s] resources. The defendant ha[s] been non active in court proceedings in Kings County to date. [Plaintiff is] seeking an order for compel in hopes the defendants have completed the hired services and would have to make minor upgrading and polishing, which would be the fastest resolution to launching the companies. [Plaintiff is] also seeking an order for damages because the defendant[s'] neglect has cost [him] missed business opportunities, including sales revenue of multiple products. . . . [*sic*]

(ECF 1-1, at 1.)[2]

On September 15, 2023, after he filed his complaint, Plaintiff filed an application for the Court to request *pro bono* counsel and a motion for default judgment. (ECF 3, 4.)

---

[2] Plaintiff makes similar allegations in other pending *pro se* actions that he has brought in this court. *See Scales v. Amer. Web Coders*, ECF 1:23-CV-6448, 1 (S.D.N.Y.); *Scales v. Web Design Gator*, ECF 1:23-CV-6445, 1 (S.D.N.Y.); *Scales v. Design Nortex*, ECF 1:23-CV-6442, 1 (S.D.N.Y.).

**DISCUSSION**

**A.      Claims on behalf of other entities**

Plaintiff's complaint is unclear as to whether Plaintiff is asserting claims on behalf of himself or on behalf of his businesses, and such businesses appear to be constituted in the form of corporations or other artificial entities. To the extent that Plaintiff asserts claims on behalf of corporations or other artificial entities, the Court must dismiss those claims. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer cannot bring suit on behalf of another entity. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). While "some courts allow sole proprietorships to proceed *pro se* [because] a sole proprietorship has no legal existence apart from its owner," *Lattanzio*, 481 F.3d at 140 (citation omitted), courts generally do not allow corporations, partnerships, associations, and other artificial entities to appear in court without an attorney, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993).

Plaintiff does not allege that he is an attorney, and he does not specify that any of his businesses is a sole proprietorship. Thus, to the extent that Plaintiff asserts claims on behalf of other entities (not including any that are his sole proprietorship), the Court dismisses those claims without prejudice. In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to amend his complaint to allege facts showing that he is asserting claims on his own behalf and not on behalf of another entity.

**B.      Subject matter jurisdiction**

Plaintiff must also amend his complaint to allege facts showing why the Court has subject

matter jurisdiction to consider this action. The subject matter jurisdiction of the federal district

courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes,

subject matter jurisdiction is available only when a "federal question" is presented or, when

asserting claims under state law under a federal district court's diversity jurisdiction, when the

plaintiff and the defendants are citizens of different States and the amount in controversy exceeds

the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited

jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the

question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers*

*Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.

1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501,

503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks

subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil*

*Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on

their own initiative. . . .").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under

federal question jurisdiction if the complaint "establishes either that federal law creates the cause

of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial

question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir.

2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)) (internal

quotation marks omitted). Mere invocation of federal question jurisdiction, without any facts

demonstrating a federal law claim, does not create federal question jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff has not alleged facts showing that this Court can consider his claims under its federal question jurisdiction. Rather, he asserts claims of breach of contract and negligence, which are usually brought under state law, not federal law.

To the extent that Plaintiff asserts claims under state law, his complaint does not show that the Court has diversity jurisdiction of this action. To establish diversity jurisdiction, a plaintiff must first allege that he and the defendants are citizens of different States. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as the place where the individual "has his true fixed home . . . and to which, whenever he [or she] is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). In addition, for diversity purposes, a corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also The Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). "[A] limited liability company . . .[,] [however,] takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

Moreover, for diversity jurisdiction, the plaintiff must also allege to a "reasonable probability" that his claims are in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). The sum claimed by the plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). It is the Court's duty, however, to dismiss an action where it is "convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the [minimum statutory jurisdictional amount.]" *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (quoting *Deutsch v. Hewes St. Realty Corp.*, 359 F.2d 96, 98 (2d Cir. 1966)) (alteration in original, internal quotation marks omitted).

Plaintiff asserts that he is a citizen of the State of New York, and he provides a California address for LA Web Experts. (*Id.* at 3-4.) He does not allege, however, whether and where that defendant is incorporated and, if it is a corporation, where its principal place of business is located.[3] Accordingly, it is unclear what the state citizenship of Defendant LA Web Experts is, and thus, whether the parties are diverse for the purpose of this action. Moreover, Plaintiff does not indicate how Defendant LA Web Experts is constituted; he does not state whether it is a corporation, a limited liability company, or is constituted in some other form. If it is a limited liability company, Plaintiff must allege the state citizenship of each of its members.

---

[3] The only defendant listed in the caption of the complaint is LA Web Experts, and in the complaint, Plaintiff refers to only one defendant. In the body of the complaint, however, Plaintiff lists another California entity, Vista Website Design. (*Id.* at 4.) If Plaintiff seeks to also sue this entity, he must list it as a defendant in the caption of the complaint, and make it clear what allegations he is asserting against each entity.

In addition, Plaintiff seeks damages in the "millions" or "billions" (*id.* at 5, 6), but it is unclear from his complaint how, to a reasonable probability, his claims satisfy the jurisdictional amount for a diversity action – an amount in excess of the sum or value $75,000.

For all of the reasons set forth above, it appears that the Court lacks subject matter jurisdiction to consider this action. In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file amended complaint to allege facts showing that the Court has subject matter jurisdiction to consider this action; to the extent that Plaintiff asserts claims under state law, under the court's diversity jurisdiction, he must allege facts showing that the parties are diverse and that his claims in this action, without taking into account his claims in any other lawsuits, satisfy the jurisdictional amount for a diversity action, amount in excess of the sum or value of $75,000.

## C.    Venue

Plaintiff must further amend his complaint to allege facts showing why this court is a proper venue for this action. Under the applicable venue statute, 28 U.S.C. § 1391(b), a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the federal judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any federal judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2). Also, for venue purposes:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

§ 1391(d).

Plaintiff does not allege any facts showing that both of the defendants reside within the State of New York and that at least one of them resides with this judicial district. Thus, he does not allege facts sufficient to show that this court is a proper venue for this action under Section 1391(b)(1). In addition, while Plaintiff alleges that he resides in New York County, within this judicial district, he alleges no facts showing where a substantial part of the events or omissions giving rise to his claims occurred or where a substantial part of property that is the subject of the action is situated. Thus, he does not allege facts sufficient to show that this court is a proper venue for this action under Section 1391(b)(2). Accordingly, the Court grants Plaintiff leave to file an amended complaint alleging facts showing why the court is a proper venue for this action.

## D.    Motion for counsel

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that federal district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim, on his own behalf, under state law, under the court's diversity jurisdiction, for which this court is a proper venue, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who injured Plaintiff; how Plaintiff was injured; when and where Plaintiff was injured; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The motion for counsel is denied without prejudice. (ECF 3.) As summonses have not been issued, the Court denies Plaintiff's motion for default judgment. (ECF 4.)

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:23-CV-6441 (LTS). An amended complaint form is attached to this order. No summonses will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action for the reasons set forth in this order.[4] *See* 28 U.S.C. § 1406(a); Fed. R. Civ. P. 12(h)(3).

---

[4] The Court will not consider Plaintiff's application for the Court to request *pro bono* counsel (ECF 4) until after Plaintiff has filed an amended complaint in compliance with this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    October 17, 2023
          New York, New York

                                        /s/ Laura Taylor Swain
                                  _____
                                        LAURA TAYLOR SWAIN
                                  Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
           (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                          (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                              State                 Zip Code

_____

Telephone Number                          Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                    Zip Code

Defendant 2: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                    Zip Code

Defendant 3: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                    Zip Code

Defendant 4: _____

First Name _____ Last Name _____

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City _____ State _____ Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

| Street Address |

| County, City | State | Zip Code |

| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.