UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM SCALES,

                Plaintiff,

-against-

LA WEB EXPERTS; VISTA WEBSITE DESIGN,

                Defendants.

23-CV-6441 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action invoking both the Court's federal question and diversity of citizenship jurisdiction and asserting that Defendants violated his rights. By order dated October 17, 2023, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on October 29, 2023, and the Court has reviewed it. For the reasons set forth below, the Court dismisses this action.

## BACKGROUND

Plaintiff filed the original complaint naming both LA Web Experts and Vista Website Design, but throughout the complaint he only referred to a singular, unspecified "Defendant." Plaintiff alleged that Defendant "deliberately sabotaged [his] company [by] preventing the hiring of new web developer company" and the official launching of his company. (ECF 1, at 2.)[1] He asserted claims for breach of contract and negligence, and sought millions of dollars in damages. (*Id.* at 5-6.)

---

[1] The Court quotes from the original and amended complaints verbatim. All spelling, grammar, and punctuation are as in the original, unless noted otherwise.

In the October 17, 2023 order, the Court: (1) dismissed any claims Plaintiff was attempting to assert on behalf of his corporation because as a *pro se* litigant Plaintiff, who did not allege that he was an attorney, could not bring claims on behalf of the corporate entity; and (2) held that the Court did not have subject matter jurisdiction of any claims Plaintiff may be bringing individually or as a sole proprietorship because there was no federal question jurisdiction of his breach of contract and negligence claims, noting that such claims are usually brought under state law and he had not plead sufficient facts about the citizenship of each defendant, or alleged facts plausibly suggesting that he suffered any damages in excess of $75,000 to establish diversity jurisdiction. The Court, however, granted Plaintiff 60 days' leave to amend his complaint to allege facts establishing that the Court has subject matter jurisdiction of his claims. (ECF 6.)

In the amended complaint, Plaintiff again invokes the Court's federal question and diversity of citizenship jurisdiction, asserts claims of breach of contract and negligence, and alleges that Defendants' acts or omissions have "resulted in loss of revenue, depleted company investments, missed business opportunities, and has left company Internet/mobile functionalities and business layouts vulnerable." (ECF 7 at 5.) He sues LA Web Experts and Vista Website Design, but in the complaint again refers to only one Defendant. Plaintiff reasserts the allegations set forth in the original complaint, and further asserts that Defendant "refuses to provide a refund, preventing the hiring of a new web developer company in order to complete the company's website and mobile application. The defendant has also deliberately provided [him] false addresses in order to evade being served court documents." (*Id.*) Attached to the complaint are approximately 180 pages of screenshots of text and email exchanges between Plaintiff and

individuals employed by the entities named as Defendants. (*Id.* at 9-187.) Plaintiff seeks "millions" of dollars in damages. (*Id.* at 6.)

On May 1, 2024, Plaintiff filed a motion for a default judgment. (ECF 9.) Plaintiff also submitted two letters, one asking for an order of service, the other asking for appointment of counsel, and a "brief." (ECF 10-12.)

## DISCUSSION

### A.   Claims on behalf of company

Plaintiff, who does not allege that he is attorney, again appears to bring claims on behalf of his company. As discussed in the Court's October 17, 2023 order, however, Plaintiff cannot assert claims on behalf of other entities (other than any entity that was his sole proprietorship). Because Plaintiff does not allege that he is an attorney or that the company is a sole proprietorship, any claims he brings on behalf of his company are dismissed without prejudice for the reasons discussed in the Court's January 2, 2024 order. (ECF 6, at 4.)

### B.   Subject matter jurisdiction

Plaintiff's amended complaint also does not allege sufficient facts to allow the Court to exercise subject matter jurisdiction of any claims he may have asserted on his own behalf or on behalf of a sole proprietorship. Although Plaintiff invokes federal question jurisdiction, his amended complaint, like his original complaint, largely asserts claims of breach of contract and negligence. As discussed in the Court's October 17, 2023 order, such claims are usually brought under state law, not federal law. (*Id.* at 6.) There are no facts provided suggesting that Plaintiff can state any claims arising under federal law. Mere invocation of federal jurisdiction, without any facts demonstrating a basis for a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). The Court does not have federal question jurisdiction of this action.

Because the amended complaint is asserting claims under state law, the Court will examine whether it can consider such claims under its diversity subject matter jurisdiction. The Court refers to its October 17, 2023 order as to the requirements for an action to be considered under its diversity subject matter jurisdiction. In the amended complaint, Plaintiff asserts that he is a citizen of the State of New York, and that Defendant LA Web Experts is located in Los Angeles, California, and that Defendant Vista Website Design is located in San Francisco, California, but he does not allege whether and where these defendants are incorporated and, if they are corporations, where their principal places of business are located.

Even if the Court were to assume, for the purpose of this order, that the citizenships of Plaintiff and Defendants are diverse, Plaintiff still fails to establish diversity jurisdiction of this action. He does not allege facts sufficient to show, in good faith, that, to a reasonable probability, his claims under state law satisfy the jurisdictional amount for a diversity action – an amount in excess of the sum or value of $75,000.

There is in this Circuit "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). Where a complaint, however, does not contain facts plausibly suggesting that the amount in controversy meets the jurisdictional minimum, the Court is not required to presume that the bare allegations in the complaint are a good faith representation of the actual amount in controversy. *See Chavez v. Maker*, No. 18-CV-7965 (RA) (GWG), 2019 WL 4926348, at *4 (S.D.N.Y. Oct. 7, 2019) ("A plaintiff seeking to invoke diversity jurisdiction 'cannot meet its burden of proof with mere conclusory allegations of indirect or speculative value.'" (citation omitted)), *report & recommendation adopted sub nom.*, *Chavez v. Wylie,* 2019 WL 6873806 (S.D.N.Y. Dec. 17,

2019), *appeal dismissed*, No. 20-383, 2020 WL 4332758 (2d Cir. May 28, 2020); *Weir v. Cenlar FSB*, No. 16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that " the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible" (citation omitted)).

Here, Plaintiff seeks "millions" of dollars in damages, but he does not allege any facts describing the losses he incurred or why Defendants should be held liable for such an amount. He therefore does not allege facts plausibly suggesting that he has suffered any damages amounting to the amount of money in damages that he seeks.[2]

Plaintiff does not plead facts in the amended complaint or the brief to overcome the Court's finding that it cannot exercise either federal or diversity jurisdiction of this action. The Court must therefore dismiss the action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

**C.     Leave to amend denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to replead.

---

[2] Plaintiff also has not pleaded facts sufficient for his state law claims. For example, he asserts claims of breach of contract and negligence, but does not plead facts supporting either of these state law torts.

## CONCLUSION

For the reasons stated in this order, this action is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   May 9, 2024
         New York, New York

                                       /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                       Chief United States District Judge